ELIZABETH CAMPAGNA, Appellant, v. L. R. BAIRD, as Receiver of the Bismarck Bank, and James F. Campagna, Respondents.

(224 N. W. 217.)

Opinion filed December 28, 1928. On re-argument, April 5, 1929.

*Joseph Coghlan,* for appellant.

Messrs. *Zuger & Tillotson,* for respondents.

BURKE, J.   On the 8th day of May, 1920, Frank Campagna and Elizabeth Campagna, husband and wife, executed a mortgage upon three quarter sections of land in sections 6, 7 and 10, township 137, range 79, in Burleigh county, North Dakota, to secure the payment of $4,000 to the Bismarck Bank.   At that time J. L. Bell held two mortgages against the lands in sections 7 and 10, amounting to $4,-

078, and there was one mortgage covering all three quarters to the Bismarck Bank for the sum of $2,500, which was renewed and included in the $4,000 mortgage executed on May 8, 1920. Frank Campagna died in 1920 and the Bismarck Bank, under an oral agreement with the plaintiff, foreclosed its mortgage, bid in the property for the sum of $4,443.61, of which sum the land in section 10 was bid in for $243.61, the land in section 7 for $1,200, and the land in section 6 for $3,000. After the expiration of the time of redemption, a sheriff's deed to said land was executed and filed for record August 7, 1922, and on the 28th day of July, 1923, the Bismarck Bank executed and delivered to the plaintiff, Elizabeth Campagna, a quitclaim deed to the two quarter sections of land in section 7 and section 10, respectively, for a consideration of $1.00.

It is clear from the evidence that the foreclosure sale and the execution of the quit-claim deed was for the purpose of placing the title to the lands in sections 7 and 10 in the plaintiff, Elizabeth Campagna, to enable her to borrow money to pay the Bell mortgages which were prior to the mortgages of the Bismarck Bank and that there was no other consideration for the quit-claim deed. Thereafter, and on August 1, 1923, the plaintiff executed and delivered to the Bank of North Dakota a mortgage to secure the payment of a loan for $4,500. Out of this loan Mrs. Campagna paid the Bell mortgages amounting to $4,074.50. She also paid the taxes and expenses in connection with the loan, and the balance, $59.42, she paid to the Bismarck Bank and on September 25, 1923, the plaintiff executed and delivered to the Bismarck Bank, an instrument which on its face is a warranty deed, The plaintiff continued to reside upon the said land and from time to time she paid the interest on the mortgage to the Bank of North Dakota and also paid the taxes on said lands and made other payments to the Bismarck Bank.

It is her contention that the deed which she gave to the bank was in effect a mortgage; that in all her dealings with the Bismarck Bank she never intended to convey her interest in the land upon which she had lived for forty-seven years; that the foreclosure of the mortgage by the Bismarck Bank was done for her accommodation, so that she might obtain title to the land and borrow money to take care of mortgages that were due; and that in accordance with the agreement she

did borrow money and paid off the said mortgages and the balance she turned over to the Bismarck Bank.

In the spring of 1927, the defendant, L. R. Baird, as receiver, claimed the land for the Bismarck Bank. At that time the plaintiff had made arrangements for putting the land under cultivation into crop, she had provided seed and had entered into a contract with her adopted son, James F. Campagna, to farm the land during the year 1927. Subsequent to the agreement between the plaintiff and the defendant, James F. Campagna, the defendant Baird leased the said land to the defendant James F. Campagna, who continued his farming operations on the land that year. In the fall, Mrs. Campagna brought this action, claiming to be the owner of said land and asking for an injunction restraining the defendants from interfering with plaintiff's right to the possession of said lands and the crops grown thereon, and that the title to said lands be quieted in the plaintiff.

The defendant Baird, as receiver, claims that the Bismarck Bank is the owner of said lands under and by virtue of the warranty deed, executed and delivered to the Bismarck Bank by the plaintiff, Elizabeth Campagna, on the 25th day of September, 1923, and prays to have the title to said lands quieted in the defendant, the Bismarck Bank.

The trial court found that the Bismarck Bank obtained title to said land through the foreclosure of the mortgage executed on the 8th day of May, 1920, by Frank Campagna and Elizabeth Campagna, his wife, and that on the 28th day of July, 1923, the Bismarck Bank executed and delivered to the plaintiff a certain quit-claim deed conveying to the plaintiff the lands in section 7 and 10; that upon the request of the said Bismarck Bank, and pursuant to an arrangement between the plaintiff and the said bank, the plaintiff did on or about the first day of August, 1923, execute and deliver a mortgage upon said lands (that is the land in sections 7 and 10) to the Bank of North Dakota to secure the payment of $4,500, and interest, out of which loan a certain first mortgage covering said premises, amounting to $4,074.50, taxes, and other expenses connected with the loan, were paid, and that the balance of $59.42 was paid to the said Bismarck Bank, and that in addition thereto, the plaintiff paid certain items of interest upon said mortgage to the Bank of North Dakota; that during

all of said time and up to the time of the trial of this action, the plaintiff was permitted to occupy all of said premises and the said Bismarck Bank accepted certain small payments paid by plaintiff from time to time and that the plaintiff thereby believed that she had some interest in equity of redemption in said premises and that in equity and good conscience the plaintiff ought to have an extension of time, to-wit: thirty days from the first of October, 1927, within which to redeem said northeast quarter (NE$\frac{1}{4}$) of section 10, and the east half of the northwest quarter (E$\frac{1}{2}$NW$\frac{1}{4}$) and lots four (4) and five (5) of section 7, from the receiver of said bank, upon paying the amount hereinafter set forth. The court further found that the amount necessary to redeem is $1,443.61 together with interest at the rate of six per cent (6%) per annum from the first day of August, 1921, less and subject to credits for amounts paid by plaintiff to said bank, as follows: $59.42, paid October 24, 1923; $200.00, paid October 23, 1924 and $91.00, paid March 19, 1925. The court further found that the Bismarck Bank, or said L. R. Baird, as receiver of said bank, is the owner in fee simple of lots six (6), nine (9) and ten (10) of section 6 and as a conclusion of law, the said L. R. Baird, as receiver, is entitled to a judgment and decree adjudging that he, as such receiver, is the owner and entitled to the possession of said east half of the northwest quarter (E$\frac{1}{2}$NW$\frac{1}{4}$) and lots four (4) and five (5) of Section 7, and the northeast quarter (NE$\frac{1}{4}$) of section 10, all in township 137 north, of range 79 west, in Burleigh county, North Dakota, subject to the right of plaintiff, Elizabeth Campagna, to make redemption; that L. R. Baird, as receiver, is the owner in fee simple of lots six (6), nine (9) and ten (10) of section six (6) in said township, range and county and that the plaintiff, Elizabeth Campagna, has no right, title, interest, lien or encumbrance, or equity of redemption in said premises, or any part thereof, and that said receiver is entitled to possession of said premises and of the crops grown thereon during the year 1927, and that in case the said Elizabeth Campagna fails to redeem the lands in Sections 7 and 10, as provided herein, the receiver is entitled to one fourth of the crop raised upon the lands in sections 7 and 10; further providing that in case redemption is not made within the time specified, the title to all of

said lands shall be quieted in the defendant, L. R. Baird, as receiver of the Bismarck Bank.

Upon the findings and conclusions, judgment was duly entered and the plaintiff appeals, and demands a trial de novo.

The mortgage foreclosed by the Bismarck Bank covered three quarter sections of land and under the foreclosure the Bismarck Bank obtained the legal right to all three quarter sections, but in making the quit-claim deed to the plaintiff, Elizabeth Campagna, the bank did not include the quarter section in section 6, so that the only lands in controversy in this action are the quarter sections in sections 7 and 10, and the only question involved is whether the instrument which Elizabeth Campagna executed to the Bismarck Bank is a deed or a mortgage.

We are of the opinion that there was an agreement between the plaintiff and the defendant at the time they discussed the foreclosure of the mortgage; that the mortgage was to be foreclosed; the Bismarck Bank was to acquire title under the foreclosure sale, then deed the land to the plaintiff so that she could borrow the money from the Bank of North Dakota and pay the Bell mortgage; then she was to deed the land back to the bank, and was to have her own time in redeeming the land by paying whatever balance was due and unpaid on the mortgage which had been foreclosed.

It is clear from the record that the amount necessary to redeem from the foreclosure sale is $1,443.61, with interest thereon at 6% from the first day of August, 1921, as found by the trial judge, who further found that the plaintiff is entitled to credit for the sum of $59.42, paid October 24, 1923, $200, paid October 23, 1924, and $91, paid March 19, 1925. She is also entitled to such portions of the proceeds of the crop for the years 1927, 1928, and 1929, as have not been applied towards legitimate expenses or to the discharge of obligations such as interest on the first mortgage and taxes.

We are of the opinion that since there was no time fixed for redemption in the agreement between the plaintiff and the defendant, that the time allowed by the trial court was entirely too short. It is accordingly held that, upon the payment by the plaintiff to the defendant, on or before the 1st day of December, 1929, of the sum of $1,443.61, together with interest thereon at the rate of 6% from the

3rd day of August, 1921, less the credits hereinbefore enumerated, with interest thereon at 6%, that title to the east half of the northwest quarter ($E\frac{1}{2}NW\frac{1}{4}$) and lots 4 and 5, of section 7, and the northeast quarter ($NE\frac{1}{4}$) of section 10, all in township 137 north, of range 79, in Burleigh county, be quieted in the said Elizabeth Campagna, and that she is entitled to the possession of the same until the expiration of the said period of redemption; that in case she fails to redeem the said land during the said period of redemption then, and in such case, the title be quieted in the defendant, L. R. Baird, as receiver; that said L. R. Baird, is the owner in fee of lots 6, 9 and 10, in section 6, in said township, range and county, and that the plaintiff, Elizabeth Campagna, has no right, title, interest, lien, encumbrance or equity of redemption in said premises, or any part thereof, and said receiver is entitled to the possession of said premises, and of the rents and profits thereon during the year 1927.

As thus modified, the judgment is affirmed.

Nuessle, Ch. J., and Burr, Birdzell, and Christianson, JJ., concur.

## On Petition for Rehearing.

Burke, Ch. J. On reargument, it was conceded that this action was tried as an action to redeem, and on the statement of the attorney for appellant, that the appellant is not in a position to crop the land during the farming season of 1929, and that said land might be left in the possession of the respondent during the period of redemption upon the condition, that respondent account to the appellant for the rents and profits of said land if appellant does redeem, we are of the opinion that our decision should be modified as follows: The respondent is allowed to remain in possession of the land and crop the same during the year 1929, and if the plaintiff redeems on or before the 1st of December, 1929, the defendant is to account to the plaintiff for rents and profits of said land for the year 1929, and other years; that to entitle the plaintiff to redeem on or before December 1, 1929, she must account to the defendant for all taxes paid by the defendant on said land, for all interest paid on the first mortgage and for reason-

able improvements made on said land by the defendant. For the purpose of an accounting and adjusting all the equities between the parties in case of a redemption, the case is remanded to the district court for such further proceedings as may be necessary in accordance herewith. It is so ordered.

NUESSLE, BIRDZELL, BURR, and CHRISTIANSON, JJ., concur.