ELIZABETH CAMPAGNA, Appellant, v. L. R. BAIRD, as Receiver of Bismarck Bank, and James F. Campagna, Respondents.

(235 N. W. 717.)

Opinion filed April 1, 1931.

*Joseph Coghlan,* for appellant.

*Zuger & Tillotson,* for respondents.

BURR, J. This appeal is from the judgment of the district court in the accounting provided for in the decision of this court, when the matter was here on the former occasion.

As shown in the former case, Campagna v. Baird, 57 N. D. 779, 224 N. W. 217, tried as an action to redeem, the plaintiff was given addi-

tional time in which to redeem. Our decision was based upon the agreement entered into between the plaintiff as mortgagor and the Bismarck bank as mortgagee wherein the right of the former to redeem was extended past the statutory period, but no definite time limit was fixed. The trial court gave the plaintiff thirty days' additional time. We held "that since there was no time fixed for redemption in the agreement between the plaintiff and the defendant (the bank), that the time allowed by the trial court was entirely too short." The opinion on petition for rehearing was filed April 5, 1929, and therein we said (57 N. D. 784, 224 N. W. 220):

"The respondent is allowed to remain in possession of the land and crop the same during the year 1929, and if the plaintiff redeems on or before the 1st of December, 1929, the defendant is to account to the plaintiff for rents and profits of said land for the year 1929, and other years; that to entitle the plaintiff to redeem on or before December 1, 1929, she must account to the defendant for all taxes paid by the defendant on said land, for all interest paid on the first mortgage and for reasonable improvements made on said land by the defendant. For the purpose of an accounting and adjusting all the equities between the parties in case of a redemption, the case is remanded to the district court for such further proceedings as may be necessary in accordance herewith."

Judgment on the remittitur was entered in the district court on the 20th day of April, 1929.

On the 30th of November, 1929, the plaintiff made her first move to take advantage of the privilege given by grace of the court, by making an offer in writing to pay the sum of $2,279.41, which amount "includes the sum of $1,443.61 and interest on same at 6 per cent from August 1, 1921, less the payments allowed, amounting to $350.42, or a total of $1,700, for taxes paid by the defendant to the bank of North Dakota, $1,160.55, for necessary repairs, $200, less the sum of $1,357, due to the plaintiff from the defendant on account of the crops raised on said premises during the years 1927, 28 and 29." This amount was rejected by the defendant as insufficient. No attempt to have an accounting was made until April 1st, 1930, and the matter was heard on April 15, 1930. On the 9th day of June, 1930, the trial court ordered judgment quieting title to all of the premises in the defendant,

608

on the ground plaintiff had not redeemed, and decreeing that the plaintiff has "no right, title or interest in, or lien or any encumbrance upon, or equity of redemption in said premises or any part thereof." From the judgment entered thereon the plaintiff appeals.

It was the duty of the plaintiff to tender to the defendant, on or before December 1, 1929, the amount required by our decision. It is conceded by the plaintiff that the amount necessary to redeem together with taxes and interest and insurance premiums and the crop she received in 1927, ignoring improvements, is $4,327.11. There is no dispute on this score. The parties agree the plaintiff is entitled to credit for payments made and crop delivered in the sum of $1,-420.42. Thus, regardless of any improvements whatever, the plaintiff should have tendered $2,906.69.

But plaintiff was required to account to the defendant "for reasonable improvements made on said land by the defendant." The trial court found the reasonable value of these improvements to be $2,332.00, which sum the plaintiff disputes vigorously; but admits she should pay at least $245.00 therefor. In other words the plaintiff admits now that the total amount which should have been tendered in compliance with the decision of this court was $3,151.69. Plaintiff says she could not know the value of improvements until the accounting was made. She had from April 20, 1929 to December 1, 1929 in which to have this matter determined, but made no move until April, 1930. But, irrespective of the value of improvements to be determined by the accounting, the amount tendered was short over $600. It is clear therefore the amount tendered was totally inadequate to effect a redemption, and there has been no redemption within the time set, or at all.

This court recognized the fact that if plaintiff were to be given a genuine opportunity to redeem the time must be set for a date after the maturity of a crop. Unless this were done her right would be a mere shadow and not substance. Hence we gave her until December 1, 1929. The land was foreclosed in 1921 and the sheriff's deed recorded in August, 1922. The former opinion shows the subsequent transactions. The plaintiff has had for redemption all the time from the foreclosure in 1921 until December 1, 1929. Not only is it conceded on this hearing that the amount was totally inadequate to effect a redemption; but it is not even suggested that if further time be given

there is any probability of redemption. Plaintiff appears to be at the end of her resources. The courts have stretched liberality to a point where it becomes a question whether justice to the defendant is not being tinged. Nothing has been shown on this hearing to indicate that fairness, justice or equity will be advanced by any further prolongation of this controversy. The judgment of the lower court therefore is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.